SHAWN P. THOMAS (SBN 302593)
sthomas@sandersroberts.com
SERJE P. HAVANDJIAN (SBN 319024)
shavandjian@sandersroberts.com
**SANDERS ROBERTS LLP**
1055 West 7th Street, Suite 3200
Los Angeles, CA 90017
Telephone: (213) 426-5000
Facsimile: (213) 234-4581

Attorneys for Plaintiff
NYLIFE SECURITIES LLC

SANDERS ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NYLIFE SECURITIES LLC,<br><br>Plaintiff,<br><br>vs.<br><br>JASON STREATFEILD, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:21-cv-00662<br><br>**NYLIFE SECURITIES, LLC'S COMPLAINT FOR DECLARATORY RELIEF** |

Comes now Plaintiff NYLIFE SECURITIES, LLC ("NYLSEC" or "Plaintiff") and for causes of action against Defendant Jason Streatfeild ("Defendant"), alleges as follows:

## NATURE OF THIS ACTION

1. Plaintiff is a national securities broker-dealer, and a member of the Financial Industry Regulatory Authority ("FINRA"). Plaintiff seeks declaratory relief and preliminary and permanent injunctions to preclude Defendant from pursuing an arbitration proceeding he has improperly filed against Plaintiff before FINRA's Dispute Resolution Forum, which oversees FINRA customer arbitrations, entitled *Jason Streatfeild v. NY LIFE SECURITIES, LLC*, FINRA No. 20-03951 (the "Arbitration").

2. Defendant should be enjoined from pursuing the Arbitration as there is no agreement to arbitrate between NYLSEC and Defendant. Under the Federal Arbitration Act, parties are obligated to arbitrate disputes only where they have agreed to do so. 9 U.S.C. § 2.

3. FINRA's Rules of Customer Arbitrations, including Rule 12200, only require that FINRA's member broker-dealers arbitrate disputes with "customers." Defendant is not a NYLSEC customer.

4. No arbitration agreement exists between Defendant and NYLSEC. Further, Defendant is not and has never been a customer of NYLSEC and therefore Defendant has no basis upon which to bring an arbitration proceeding before FINRA against NYLSEC.

## PARTIES

5. NYLSEC is a Delaware corporation. NYLSEC is a registered broker-dealer.

6. NYLSEC is informed and believes that Defendant is an individual who resides in Carpinteria, California.

/ / /

SANDERS ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

## JURISDICTION

7. This Court has original subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 because this action arises under the Federal Arbitration Act, 9 U.S.C. § 4.

8. Jurisdiction is also proper pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs. If forced to arbitrate claims that Plaintiff did not agree to arbitrate before FINRA, Plaintiff would incur significant damages in defending itself against Defendant's claims, which purport to seek recovery of over $217,190.

## VENUE

9. Venue is proper in this Court under 28 U.S.C. § 1391(a) and (c) because a substantial part of the events and omissions giving rise to the claim occurred in this district.

## FACTUAL ALLEGATIONS

10. On or about December 2, 2020 Defendant initiated the Arbitration with FINRA against Plaintiff. NYLSEC's response to Defendant's Statement of Claim is due on January 26, 2021.

11. The Arbitration was initiated at, and is being administered through, FINRA's Dispute Resolution office in Los Angeles, California.

12. In the Statement of Claim, Defendant claims that he was misled by Narith Long, a former NYLSEC employee and FINRA registered financial advisor. Defendant alleges that he was conned into giving Narith Long $600,000 to "manage" and utilize "his securities knowledge and expertise," to make investments through an unrelated Fidelity Investments self-directed trading account (the "Fidelity Account"), despite Narith Long not possessing the proper licenses to buy, sell, or trade securities, or conduct the type of business he allegedly proposed to Defendant.

SANDERS ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

13. Defendant's Statement of Claim alleges that Narith Long introduced himself at a wedding in November 2019 as a NYLSEC broker who could assist Defendant with his financial needs, and then reintroduced himself to Defendant via text and Facebook six months later. At that time, Narith Long allegedly touted his "superior stock-picking skills" and claimed "that he was a broker and that he was trading several other individuals' accounts and making them a lot of money." Narith Long allegedly offered to do the same for Defendant.

14. Defendant further alleges in his Statement of Claim that NYLSEC failed to supervise Narith Long in order to prevent him from engaging with Defendant "in the manner in which he did." This, Defendant claims, would have prevented him from divesting $217,190 to Narith Long and would have prevented Narith Long's alleged violations of a "multitude of laws, rules, and regulations."

15. NYLSEC is entirely unrelated to Defendant and any relationship Defendant established with Narith Long. Specifically, NYLSEC did not enter into or sign any written contract or customer agreement with Defendant. Defendant did not have, and does not allege that he ever had, any accounts at NYLSEC.

16. In his Statement of Claim, Defendant admits that the dispute did not involve NYLSEC or any NYLSEC accounts, investments, or products. Instead, Narith Long, on his own, opened and managed the Fidelity Account on behalf of Defendant in exchange for 10% of the profits.

17. The only account funded by Defendant was the Fidelity Account. Defendant never established any relationship at all with NYLSEC, and he does not allege otherwise.

18. Defendant has no right to bring this Arbitration against NYLSEC under the FINRA Arbitration Code, which requires FINRA members to arbitrate certain disputes. In the absence of a written arbitration agreement, FINRA Rule 12200 only requires members to arbitrate claims if the arbitration is requested by a "customer," the dispute is "between a customer and a member or associated person

SANDERS ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

of a member" ***and*** the "dispute arises in connection with the business activities of the member of the associated person." Defendant does not qualify as a "customer" under FINRA Rule 12200 because he never had any accounts with Plaintiff.

**<u>FIRST CAUSE OF ACTION</u>**

**(Declaratory Relief)**

19. Plaintiff repeats, alleges, and incorporates by reference each of the foregoing allegations as if they were fully set forth herein.

20. No agreement to arbitrate exists between NYLSEC and Defendant.

21. Defendant seeks arbitration based on Rule 12200 of the FINRA Code of Arbitration by submitting his dispute to FINRA's Dispute Resolution forum. However, in the absence of an agreement to arbitrate, Rule 12200 only requires arbitration if the arbitration is requested by a "customer," the dispute is "between a customer and a member or associated person of a member," ***and*** the "dispute arises in connection with the business activities of the member of the associated person."

22. Defendant never had any agreement at all with NYLSEC, let alone any agreement to arbitrate.

23. Defendant is not now, and has never been, a "customer" of NYLSEC.

24. Accordingly, NYLSEC does not have any obligation to arbitrate any claims brought by Defendant.

25. Declaratory relief is appropriate because the dispute between the parties is definite and concrete, affecting the parties' adverse legal interests with immediacy.

26. NYLSEC therefore, requests a declaratory judgment from this Court that NYLSEC has no obligations to arbitrate Defendant's claims pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201.

**<u>SECOND CAUSE OF ACTION</u>**

**(Injunctive Relief)**

27. Plaintiff repeats, alleges, and incorporates by reference each of the

SANDERS ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

SANDERS ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

foregoing allegations as if they are fully set forth herein.

28. NYLSEC will suffer immediate and irreparable harm if it is compelled to arbitrate claims that it did not agree to arbitrate.

29. NYLSEC is very likely to succeed on the merits. NYLSEC has no obligation to arbitrate with Defendant based on the claim Defendant asserts against NYLSEC in the FINRA Arbitration. There is no applicable agreement to arbitrate between NYLSEC and Defendant and Defendant is not a "customer" of NYLSEC as required by FINRA Rule 12200.

30. NYLSEC has no adequate remedy at law.

31. NYLSEC is entitled to preliminary and permanent injunctive relief enjoining Defendant from further proceedings against NYLSEC in the Arbitration.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment against Defendant and each of them as follows:

A. Entry of a declaratory judgment that NYLSEC has no obligation to arbitrate the claims asserted by Defendant in the Arbitration;

B. Entry of orders preliminarily and permanently enjoining Defendant from further proceedings against NYLSEC in the Arbitration; and

C. Granting NYLSEC any other and further relief as the Court may deem just and proper.

Dated: January 25, 2021

**SANDERS ROBERTS LLP**

By: /s/ Shawn P. Thomas
Shawn P. Thomas, Esq.
Attorneys for Plaintiff
NYLIFE SECURITIES LLC

SANDERS ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, Akilah Booty, declare as follows: I am a citizen of the United States, over 18 years of age and am not a party to the within action. My place of employment and business address is 1055 W. 7th Street, Suite 3200, Los Angeles, CA 90017, which is located in the County of Los Angeles where the service took place.

On January 25, 2021, I served the foregoing document described as:

**NYLIFE SECURITIES, LLC'S COMPLAINT FOR DECLARATORY RELIEF**

on all interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as stated in the attached service list:

☐ **VIA MAIL** I am readily familiar with this office's practice for collection and processing of correspondence for mailing with the U.S. Postal Service. Per that practice the within correspondence will be deposited with the U.S. Postal Service on the same day shown on this affidavit in a sealed envelope with postage fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in this affidavit.

☐ **VIA FACSIMILE** I caused such document to be transmitted via facsimile to the addressee(s) from the facsimile machine of Sanders Roberts LLP whose fax number is **(213) 234-4581** . No error was reported by the machine and pursuant to Rule 2008(e)(3), I caused the machine to print a record of the transmission.

☒ **VIA ELECTRONIC MAIL** I caused a PDF version of the documents to be transmitted by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) indicated. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission(s) were unsuccessful.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on January 25, 2021, at Los Angeles, California.

| | |
|---|---|
| Akilah Booty | /s/ Akilah Booty |
| (Type or print name) | (Signature) |

SANDERS ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

**SERVICE LIST**

*NYLife Securities LLC vs. Jason Streatfeild*

Case No.:

| | |
|---|---|
| **GANA WEINSTEIN LLP**<br>Adam J. Gana, Esq.<br>3706 N. Greenview Ave., Suite 100<br>Chicago, IL 60613<br>Tel.: (312) 312-7395<br>Fax: (714) 916-5051<br>Email: agana@ganallp.com | Attorney for Plaintiff<br>JASON STREATFEILD |